# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

NESTER RULLAN, )
                    Plaintiff, )
vs. )
                                      ) CIVIL NO. 08-154
CHEYENNE HEAVY EQUIPMENT RENTALS, LLC, )
                  Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Set Aside the Entry of Default and plaintiff's opposition thereto.

Rule 55 (c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55 (c). In determining whether "good cause" exists to set aside an entry of default, a court may consider the following factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Mortgage Electronic Registration System, Inc., v. Patock*, 51 V.I. 917, 922 (D.V.I. 2009).

Here, the defendant alleges (1) that it has been making partial payments to the plaintiff since the inception of the action and (2) that the parties had an understanding that the action would be stayed or dismissed so long as defendant continued to make regular payments. In addition, the defendant argues that it has factual and legal defenses to plaintiff's claims

The plaintiff and the defendants are the only parties to this action and the case has not progressed beyond the filing of the complaint and the entry of default. Additionally, the

defendant has made payments on the debt since the inception of the action. Finally, it appears that the defendant was under the mistaken impression that defendant did not have to answer the complaint or make an appearance in the lawsuit because it had been making partial payments on the debt.

In light of the forgoing, the Court finds: that the plaintiff will not be prejudiced if the entry of default is set aside; that the defendant appears to have a meritorious defense to the action; and that the entry of default was not a result of the defendant's culpable conduct. Accordingly, it is hereby

**ORDERED** that defendant's motion is **GRANTED** and the entry of default vacated; and it is further

**ORDERED** that defendant's answer shall be deemed filed as of March 9, 2010.

**DATED**: May 26, 2010     S\_____
                                                              **RUTH MILLER**
                                                              United States Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
Clerk of Court